JUSTICE NELSON,
dissenting.
¶75 I join Justice Rice’s well-reasoned and compelling Dissent.
¶76 Although in today’s society and politics the principle is honored more in the breach, this Country was founded on the seminal precept that there is a wall of separation between church and state. See Donaldson v. State, 2012 MT 288, ¶ 194, 367 Mont. 228, 292 P.3d 364 (Nelson, J., dissenting). To that end, the First Amendment and Article II, Section 5 of Montana’s Constitution both contain clear, unambiguous, and unequivocal proscriptions: Congress and the State shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.
¶77 Yet here, as Justice Rice explains, in order to level some theoretical economic playing field and to pacify the complaints of one industry, the Legislature enacted a law targeting Hutterite colonies and preventing them from being able to practice and comport with important doctrines of their religion-a religion that defines and drives every aspect of Colony life.
¶78 Today’s decision allows the State to do exactly what the Montana and United States Constitutions expressly prohibit. This Court’s decision allows the government to interfere with the doctrinal belief systems of a religious institution and its members. Apparently, henceforth, “no law” prohibiting the free exercise of religion does not actually mean “no law” in Montana. Rather, it means no law, except to *88 the extent that the law greases the squeaky wheel of a powerful industry.
¶79 I dissent.